UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMERA LOPEZ,

    Plaintiff,

v.                              CASE NO. 8:13-CV-45-T-17TGW

EXXON MOBIL CORPORATION,
etc.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

    Dkt. 6    Motion for Remand
    Dkt. 7    Opposition

This case is a personal injury slip-and-fall case which was filed in Sarasota County Circuit Court on August 30, 2012; the case was removed to this Court on January 4, 2013.

I. Standard of Review

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." See 28 U.S.C. Sec. 1441(a). Original jurisdiction may be established if there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. Id. The burden of establishing federal jurisdiction is on the party attempting to remove the case from state court. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. If, however, it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court looks to the Notice of Removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." Id. The Eleventh Circuit has emphasized that "the jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000)(quotations and citation omitted.) Removal statutes are construed narrowly, and any uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

II. Discussion

Plaintiff Lopez argues that Defendant Exxon has not clearly and unambiguously established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff Lopez argues that the Court should look to the face of the removing documents provided by Exxon to determine if jurisdiction is clearly stated, or readily deducible from those documents, and then determine if Defendant Exxon has clearly and unambiguously established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff Lopez further argues Defendant Exxon has knowingly misstated the amount of Plaintiff's economic damages; after collateral sources and other payments, Plaintiff's economic damages are not $106,212.47, but closer to $25,000.

Case No. 8:13-CV-45-T-17TGW

Defendant Exxon responds that, in the Complaint, Plaintiff alleged:

> 9. As a result, Plaintiff was injured in and about her body and extremities, suffered pain, incurred medical expense in the treatment of the injuries which included a total knee replacement surgery and rehabilitation, and suffered physical handicap; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

Defendant Exxon further responds that Defendant propounded a request for admissions to ascertain the true amount in controversy; Defendant specifically asked Plaintiff to admit that her total damages are less than or equal to $75,000, but Plaintiff Lopez did not do so. Defendant Exxon then wrote to Plaintiff's counsel, again requesting that Plaintiff admit that her total damages are less then or equal to the jurisdictional minimum. Defendant Exxon then propounded interrogatories to Plaintiff as to Plaintiff's total damages and the true amount in controversy; Plaintiff served her answers to interrogatories on December 26, 2012. In the answers, Plaintiff did not quantify each component of her total damages, but did quantify Plaintiff's claim for past medical expenses, $106,212.47. Defendant argues that the Notice of Removal was based on Plaintiff's claim for past medical expenses of $106,212.47, Plaintiff's other responses to discovery, the allegations of the Complaint, and Plaintiff's presuit demand for $145,000.

It is undisputed that the parties are completely diverse. The only dispute is whether Defendant has demonstrated that the amount in controversy exceeds the $75,000 jurisdictional amount. In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease v. Medtronic, Inc., 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998).

Case No. 8:13-CV-45-T-17TGW

Other courts have found that any set-off to which [Plaintiff] may be entitled is irrelevant, as the Court must look at the amount in controversy at the time of removal. See Henry v. K-Mart Corporation, 2010 WL 5113558 (M.D. Fla. 12/9/2010); Stramielllo v. Petsmart, Inc., 2010 WL 2136550 (M.D. Fla. 5/26/2010). In this case, Plaintiff's past medical expenses are $106,212.47, and this fact is sufficient to establish the required amount in controversy for federal subject matter jurisdiction.

After consideration, Plaintiff's Motion to Remand is denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 6) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of July, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record